**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Kenneth Green, <br><br>   Plaintiff, <br>v. <br><br>First Student, Inc., <br><br>   Defendant. | Case No. 2:22-cv-00259-RMG <br><br><br>**ORDER AND OPINION** |

This matter comes before the Court on the question of whether Plaintiff's claims arising under the Age Discrimination in Employment Act ("ADEA") are subject to the mandatory grievance provisions of the collective bargaining agreement ("CBA") between Defendant and Plaintiff's union. The Court directed the parties to brief the issue. (Dkt. No. 27 at 1). Both parties submitted responses to the Court's order. (Dkt. Nos. 28, 29). For the reasons set forth below, the Court finds that the parties have a legally enforceable CBA in which all matters asserted in Plaintiff's complaint are subject to the mandatory grievance procedure. As set forth below, the Court grants Defendant's motion to dismiss and dismisses this action without prejudice.

**I. Background**

Plaintiff initiated this lawsuit asserting claims against his employer under the ADEA. (Dkt. No. 1, ¶¶ 18-24). Plaintiff began working as a bus driver for Defendant in June 2020 while also working at the school district in which Defendant also provided some transportation services. (*Id.*, ¶ 10). Plaintiff agreed to drive a bus in the mornings and evenings for Defendant while still working for the school district during the normal workday. (*Id.*, ¶ 12). Upon receiving his schedule from Defendant, Plaintiff realized that he was driving to a different school than the one where he worked. (*Id.*, ¶ 13). Plaintiff immediately informed his supervisor that he was placed on a different route than the one to which he agreed and that the route given to him interfered with his other job

1

with the school district. (*Id.*) Plaintiff's supervisor told him that the route would be corrected and to drive the route that was given to Plaintiff for now. (*Id.*) The route was never corrected. (*Id.*)

On or about September 14, 2020, after his complaints about his bus route, Plaintiff was suspended. (*Id.*, ¶ 15). On or about October 21, 2020, Plaintiff filed a grievance against Defendant. (*Id.*) Plaintiff was then terminated on or about January 25, 2021, for allegedly being a "no call no show." (*Id.*, ¶ 16). He was 67 years old at the time of these events. (*Id.*, ¶ 11).

First Student and the General Teamsters Local Union No. 509 entered into a CBA which governs the terms of the relationship. (Dkt. No. 20-2). The CBA provides that the Union is the "sole and exclusive bargaining agent for all full-time and regular part-time school bus drivers" employed by First Student and provides that the agreement "shall be conclusive, and any dispute arising between the parties shall be limited to the terms of this Agreement." (*Id.* at 3-4). Plaintiff is a member of the union and is covered by the CBA.

The CBA contains mandatory dispute resolution procedures (the "Grievance Procedures") applicable to any "controversy, complaint, misunderstanding, or dispute arising as to the meaning application or observance of any of the provisions of the Labor Agreement." (*Id.* at 13). The final step of the Grievance Procedures is binding arbitration. (*Id.* at 14). The CBA governs issues related to scheduling and routes. (*Id.* at 15-16). And notably, the CBA also contains a Non-Discrimination Policy that provides First Student will not discriminate or retaliate against any employee . . . on account of their . . . age . . . to the extent covered by all applicable Federal and/or State Laws . . . ." (*Id.* at 24). Further, the same section of the CBA explicitly identifies claims alleging discrimination, retaliation, on the basis of . . . age . . . under the Age Discrimination in Employment Act of 1967." (*Id.*)

Defendant initially moved to dismiss this lawsuit under Rule 12(b)(3) (improper venue) arguing that Plaintiff's claim must be dismissed because it is covered by the mandatory grievance procedures set forth in the CBA. (Dkt. No. 20-1 at 7). The Court denied Defendant's motion finding that a Rule 12(b)(3) motion was not the proper mechanism to enforce an arbitration provision. (Dkt. No. 27 at 2-3). When denying the motion, the Court ordered the parties to brief the issue of whether arbitration should be compelled in this case pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 3 & 4, *forum nonconvinens*, or any other legal theory. (*Id.* at 3). The parties submitted responses to that order, (Dkt. Nos. 28, 29), and the issue is now ripe for review.

## II. Standard

"An agreement to arbitrate before a specified tribunal is, in effect, a specialized kind of forum-selection clause that posits not only the situs of the suit but also the procedure to be used in resolving the dispute." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974). "Federal law governs a district court's decision to enforce or not enforce a forum selection clause." *Scott v. Guardsmark Sec.*, 874 F. Supp. 117, 120 (D.S.C. 1995) (citing *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22 (1988)). "Under federal law, a forum selection clause is prima facie valid and enforceable when it is the result of an arm's length transaction by sophisticated business entities absent some compelling and countervailing reason." *SeaCast of Carolinas, Inc. v. Premise Networks, Inc.*, No. 4:09-cv-00186, 2009 WL 5214314, at *2 (D.S.C. Dec. 28, 2009) (citing *Atlantic Floor Servs., Inc. v. Wal–Mart Stores, Inc.*, 334 F. Supp. 2d 875, 877 (D.S.C. 2004)). When the parties have agreed to a valid forum-selection clause, a district court must ordinarily transfer the case to the forum specified in that clause. Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 134 S. Ct. 568, 581 (2013).

3

A court is obligated to enforce a forum-selection clause unless the party opposing enforcement establishes that the clause is "unreasonable" under the circumstances. *SeaCast*, 2009 WL 5214314 at *2 (citing *Atlantic Floor*, 334 F. Supp. 2d at 877). Forum-selection clauses may be considered unreasonable if: (1) their formation was induced by fraud or overreaching; (2) the complaining party will essentially be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law may deprive the plaintiff of a remedy; or (4) their enforcement would contravene a strong public policy of the forum state. *Id.* (citing *Atlantic Floor*, 334 F. Supp. 2d at 877).

### III. Discussion

Defendant argues that Plaintiff's claims under the ADEA should be dismissed because they are subject to the CBA's mandatory Grievance Procedures, the final step of which is binding arbitration. An arbitration provision in a CBA that provides that claims arising under the ADEA are subject to mandatory arbitration is enforceable if the agreement to arbitrate is "clear and unmistakable." *See Carson v. Giant Food, Inc.*, 175 F.3d 325, 332 (quoting *Wright v. Universal Maritime Service Corp.*, 525 U.S. 70, 70 (1998)). To satisfy the requirements from *Universal Maritime Service Corp.*, an arbitration provision must (1) explicitly state that "all federal causes of action arising out their employment," including those arising under the ADEA, are subject to arbitration, or (2) incorporate the statutory antidiscrimination terms into the arbitration provision themselves. *See Carson*, 175 F.3d at 332-33.

The CBA here explicitly states that claims arising under the ADEA are subject the Grievance Procedures and its arbitration requirement. Specifically, the Non-Discrimination Policy provides that "any alleged violation of this section is subject to resolution through the grievance procedure." (Dkt. No. 20-2 at 24). Further, that same section explicitly identifies claims alleging

4

"discrimination, retaliation, and/or harassment on the basis of . . . age . . . under state, federal or local law including . . . the Age Discrimination in Employment Act of 1967 . . . ." (*Id.*). Accordingly, the Grievance Procedure in the CBA, including its arbitration requirement, is enforceable.

The Court rejects Plaintiff's arguments that the arbitration agreement is unconscionable. Step 4 of the Grievance Procedures provide that "[i]f the Union is dissatisfied with the response of the Region Manager, the Union may file the grievance to the Piedmont Grievance Committee," whose decision "shall be final and binding unless either party elects to appeal the decision to arbitration." (Dkt. No. 20-2 at 14). Plaintiff argues that Step 4 of the Grievance Procedures in unconscionable because it only allows the Union to appeal to arbitration, not the grievant himself. (Dkt. No. 29 at 5). The fact that the Union is given discretion to decide whether or not to submit the grievance to arbitration does not make the agreement unconscionable or unenforceable. *Cf. Sargent v. International Brotherhood of Teamsters*, 713 F.Supp. 999, 1010 (E.D. Mich. 1989) ("Unions are given considerable discretion in sifting out grievances and . . . it suffices if a union decides in good faith on the basis of objective rational criteria that the grievance lacks sufficient merit to justify the expense of arbitration.").

Moreover, Plaintiff has not identified any reason why enforcement of Grievance Procedures would be unreasonable under the four *Atlantic Floor* factors.

Accordingly, the Court finds that the Grievance Procedure provides an adequate alternative forum for this dispute.

## IV. Conclusion

For the foregoing reason, the Court **GRANTS** Defendant's Motion to Compel Plaintiff to Comply with the Mandatory Grievance Procedures and **DISMISSES** this action **WITHOUT**

**PREJUDICE**. The Court **DIRECTS** Plaintiff to comply with the Grievance Procedures and **DIRECTS** Defendant to waive any time limits that may apply to Plaintiffs claim.

    **AND IT IS SO ORDERED**.

                                                                      _s/ Richard Mark Gergel_
                                                                      Richard Mark Gergel
                                                                      United States District Judge

June 7, 2023
Charleston, South Carolina